# In the United States Bankruptcy Court
## for the
## Southern District of Georgia
### Savannah Division

FILED
Samuel L. Kay, Clerk
United States Bankruptcy Court
Savannah, Georgia
By jburrell at 10:30 am, Sep 30, 2010

| | |
|---|---|
| In the matter of: ) | |
| ) | Chapter 13 Case |
| SHANEQUE M. GORDON ) | |
| ) | Number <u>09-40671</u> |
| *Debtor* ) | |
| ) | |
| SUNTRUST MORTGAGE, INC. ) | |
| ) | |
| *Movant* ) | |
| ) | |
| v. ) | |
| ) | |
| SHANEQUE M. GORDON ) | |
| O. BYRON MEREDITH, III, TRUSTEE ) | |
| ) | |
| *Respondents* ) | |
| **and** | |
| ) | Chapter 13 Case |
| CLARENCE FRAZIER, III ) | |
| ANGELA M. WATSON ) | Number <u>09-41571</u> |
| ) | |
| *Debtors* ) | |
| ) | |
| WELLS FARGO BANK, N.A. ) | |
| ) | |
| *Movant* ) | |
| ) | |
| v. ) | |
| ) | |
| CLARENCE FRAZIER, III ) | |
| ANGELA M. WATSON ) | |
| O. BYRON MEREDITH, III, TRUSTEE ) | |
| ) | |
| *Respondents* ) | |

⊷AO 72A
(Rev. 8/82)

## MEMORANDUM AND ORDER
## ON MOTIONS FOR RELIEF FROM STAY

SunTrust Mortgage, Inc., ("SunTrust") and Wells Fargo Bank, N.A., ("Wells Fargo") (together "Lenders") have filed Motions for Relief from Stay in the above-captioned cases. These two cases have similar facts, raise similar issues, and will be the subject of a single opinion. In each case Debtors filed Chapter 13. Debtors in both cases are in arrears in post-petition mortgage payments for multiple months, and in light of their current level of disposable income they are unable to both maintain regular payments moving forward and make a monthly cure payment to eliminate the post-petition arrearage. Because Debtors cannot afford their loans, they are seeking modifications from the lender under the Home Affordable Modification Program ("HAMP"), a government program designed to help struggling homeowners stay in their houses.

In the <u>Gordon</u> case Debtors have received a trial modification agreement and are in the process of making the required trial payments, which are a prerequisite to obtaining a final modification reducing the principal balance of the loan, the interest rate, the payment, or all three.

In the <u>Frazier</u> case the process has not proceeded quite as far, but the Debtors established that there was in fact a bona fide loan modification process underway with Wells Fargo.

Nevertheless, Lenders seek relief from the automatic stay in these proceedings because in both cases the Debtors have neither equity in the property nor the ability to cure the arrearages and maintain monthly payments per the current contract terms. SunTrust has alleged that the unpaid principal balance is $162,475.73, Wells Fargo has alleged that the unpaid principal balance is $141,915.62. Both Lenders allege that because Debtors were unable to make the required payments, Lenders are not adequately protected and relief from stay is proper pursuant to 11 U.S.C. § 362(d)(1). Case No. 09-40671, Motion, Dckt. No. 38 (March 8, 2010); Case No. 09-41571, Motion, Dckt. No. 51 (March 9, 2010).

Debtors' counsel resist the entry of stay relief. While they concede that the Debtors are unable to both cure within a reasonable time and maintain payments on an ongoing basis, they are concerned that if the loan modification agreement is not consummated Debtors would be immediately subject to a foreclosure action. Debtors contend that the federal law establishing HAMP imposes a good faith requirement on lenders. They further contend that if the Lenders do not agree to the loan modification that this Court has jurisdiction, and by denying stay relief should retain jurisdiction, to entertain the question of whether the lenders have met the alleged HAMP good faith requirement. The parties were given time to file briefs on this matter citing applicable law and any Code of Federal Regulations that are applicable. One of those, mentioned at trial, is 24 C.F.R. 203.500.

The common and narrow question presented to the Court is whether a

Chapter 13 Debtor as to whom stay relief would unquestionably be granted in the absence of HAMP may successfully defeat a motion for relief from stay because Debtor seeks to invoke the jurisdiction of this Court to enforce the alleged good faith provisions of HAMP. Or alternatively, whether this Court's jurisdiction is limited to assessing whether stay relief is proper solely by reference to Title 11—with any remedy for the Lenders' failure to abide by the alleged good faith provisions being properly brought in the United States District Court.

At the July 6, 2010, hearing Debtors requested a sixty day continuance to brief the issue and to complete the application process. I took this case under advisement and directed the parties to provide me with a copy of the loan modification paperwork and legal authority for their positions.

Since then, this Court has received the loan modification documents in the Frazier case and only limited citations to authority in either case.[1] Those submissions along with the Court's own research reveal no support for Debtors' contentions. In none of the material provided do I find any authority for the proposition that a bankruptcy court has the authority to generally regulate or to oversee loan modification programs. In Supplemental Directive 10-02 (which applies only to non-Freddie Mac / Fannie Mae loans) there is regulatory language concerning lenders' obligations to borrowers. However, there is no

---

[1] Supplemental Directive 10-02, March 24, 2010 *available at* https://www.hmpadmin.com/portal/docs/hamp_servicer/sd1002.pdf (last visited September 20, 2010) was cited by counsel for the proposition that it prohibits loan servicers from moving for relief from stay when the debtor is in a trial period.

AO 72A
(Rev. 8/82)

4

prohibition on a lender seeking stay relief or dismissal unless the borrower is already making "trial period" payments. No evidence was presented to establish whether Debtors in either case are obligated on a non-Freddie Mac / Fannie Mae loan, and in Frazier no trial period has begun. Therefore, whatever else it may do, HAMP is not a bar to the relief sought in these cases.

## CONCLUSIONS OF LAW

11 U.S.C. § 362(d)(1) provides that:

> On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay—
>
> (1) for cause, including the lack of adequate protection of an interest in property of such party in interest . . . .

The movant bears the initial burden of proof on a motion for relief from stay under 11 U.S.C. § 362(d)(1). *See, e.g.,* In re George, 315 B.R. 624, 628 (Bankr. S.D. Ga. 2004) (Davis, J.). The moving party must first establish a prima facie case of cause for relief. Id.

"Section 362(d)(1) does not define 'cause' and the courts are left to determine what constitutes cause based on the totality of the circumstances." Id. The Lenders have shown that the Debtors are behind on their post-petition payments, that they cannot make up the arrearages and stay current on future payments, and that the subject

AO 72A
(Rev. 8/82)

5

properties have no equity. In both of these cases, the Lenders have established that they are not adequately protected.

Once the movant establishes the prima facie case, the burden shifts to the non-moving party to prove that cause does not exist. Id.; 11 U.S.C. § 362(g).[2] Debtors have not carried this burden. The arguments presented to this Court lack persuasive citations of law. They fail to factually connect the subject loans to the regulatory provisions relied on or to show that lenders have violated any standards for processing these modifications. Debtors have not made the requisite showing in rebuttal of the Lenders' prima facie case. As such, Debtors have not carried the burden of proof placed on them by § 362(g).

## ORDER

Pursuant to the foregoing, IT IS THE ORDER OF THIS COURT that the Motions for Relief from Stay filed by Wells Fargo Bank, N.A., and SunTrust Mortgage, Inc., are GRANTED.

_____
Lamar W. Davis, Jr.
United States Bankruptcy Judge

Dated at Savannah, Georgia
This 28 day of September, 2010.

---

[2] 11 U.S.C. § 362(g) provides that
   In any hearing . . . concerning relief from the stay of any act under subsection (a) of this section—
      (1) the party requesting such relief has the burden of proof on the issue of the debtor's equity in property; and
      (2) the party opposing such relief has the burden of proof on all other issues.

AO 72A (Rev. 8/82)

6